UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PRICELESS CLOTHING COMPANY, )
)
Plaintiff, )
)
vs. ) 11 C 555
)
TRAVELERS CASUALTY INSURANCE )
COMPANY OF AMERICA, )
)
Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This case comes before the Court on the motion of Defendant Travelers Casualty Insurance Company of America ("Travelers") to dismiss Plaintiff Priceless Clothing Company's ("Priceless") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, Travelers' motion is granted.

## BACKGROUND[1]

From November 9, 2009, to November 1, 2010, Priceless maintained an insurance policy with Travelers (the "Policy"). Under the Policy, Travelers had a duty to defend Priceless against any suit seeking damages for "advertising injury" against Priceless. The Policy included numerous "endorsements" which modified the insurance

---

[1] For purposes of the motion to dismiss, we accept the allegations of the Complaint as true. *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

coverage provided in the base policy. One of those endorsements, the "Web Xtend Liability" endorsement, deleted "in its entirety" the "personal and advertising injury liability" coverage provided in the base policy and replaced it with another provision providing coverage for "personal injury, advertising injury and website injury liability." While the base policy defined "personal and advertising injury" as "injury . . . arising out of . . . infringing upon another's copyright, trade dress or slogan," the Web Xtend Liability endorsement defined "advertising injury" as an injury "arising out of . . . [i]nfringement of copyright, title or slogan."

On August 20, 2010, Discovery Clothing Company ("Discovery") filed an action against Priceless, asserting claims for trade dress infringement and unfair competition (the "Underlying Complaint"). Priceless sent Travelers the Underlying Complaint and, on September 10, 2010, Travelers denied coverage. Because Travelers' denied coverage, Priceless retained counsel and spent a substantial amount of money defending itself against Discovery. On January 25, 2011, Priceless filed a Complaint against Travelers, claiming breach of contract and seeking a declaratory judgment that Travelers had a duty to defend and indemnify Priceless. On March 14, 2011, Travelers filed a motion to dismiss the Complaint, arguing that the Policy provided no coverage for trade dress infringement and that Priceless failed to demonstrate that the Underlying Complaint asserted an "infringement of title."

**LEGAL STANDARD**

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require detailed factual allegations, but requires more than legal conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, the complaint must contain sufficient facts to state a claim for relief that is plausible on its face. *Id.* at 570. In ruling on a motion to dismiss, a court must accept the well-pleaded allegations in the complaint as true, construe the allegations of the complaint in the light most favorable to the plaintiff, and draw all reasonable inferences in favor of the plaintiff. *Hentosh v. Herman M. Finch Univ. of Health Scis./The Chi. Med. Sch.*, 167 F.3d 1170, 1173 (7th Cir. 1999). In addition to the complaint, a court may consider documents attached to the motion to dismiss which are referenced in the complaint and central to the plaintiff's claim.[2] *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002).

**DISCUSSION**

Priceless alleges two alternative theories regarding Travelers' duty to defend Priceless against the Underlying Complaint. First, Priceless alleges that the trade dress infringement and unfair competition claims asserted in the Underlying Complaint

---

[2] Accordingly, this Court considers the Underlying Complaint and the Policy, which are attached to the motion to dismiss, referenced in Priceless' Complaint, and central to Priceless' claim.

constitute "infringement of title" under the Web Xtend Liability endorsement. Alternatively, Priceless alleges that Travelers did not effectively eliminate the base policy's coverage for trade dress infringement.

Under Illinois law, "[t]he construction of an insurance policy and a determination of the rights and obligations thereunder are questions of law for the court."[3] *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 620 N.E.2d 1073, 1077 (Ill. 1993). To determine whether an insurer has a duty to defend its insured, the court must compare the allegations in the underlying complaint with the relevant provisions of the insurance policy. *Id.* at 1079. If the facts alleged in the underlying complaint potentially fall within the policy's coverage provisions, then the insurer has a duty to the defend the insured in the underlying action. *Id.* In assessing whether a duty to defend exists, any doubt in coverage is resolved in favor of the insured. *Native Am. Arts, Inc. v. Hartford Cas. Ins. Co.*, 435 F.3d 729, 732 (7th Cir. 2006).

The key dispute is whether the allegations in the Underlying Complaint potentially fall within the policy's coverage for "infringement of title." The parties do not dispute that, in the Underlying Complaint, Discovery asserted claims against

---

[3] Both parties agree that Illinois law applies. Because the Court exercises diversity jurisdiction in this case, the Court must predict how the Illinois Supreme Court would decide the issues presented. *Research Sys. Corp. v. IPSOS Publicite*, 276 F.3d 914, 925 (7th Cir. 2002). The Illinois Supreme Court has not addressed the meaning of "infringement of title," as used in an insurance policy.

Priceless for trade dress infringement and unfair competition. To compare the allegations of the Underlying Complaint with the policy's coverage provisions, this Court must determine the meaning of "infringement of title," which is not defined in the policy. Infringement of title is not a distinct, recognized offense. *Charter Oak Fire Ins. Co. v. Hedeen & Cos.*, 280 F.3d 730, 736 (7th Cir. 2002). "[T]itle" refers to "names and related trademarks," so that a policy provision providing coverage for infringement of title encompasses claims for trademark infringement. *Id.* The Lanham Act defines "trademark" as a "word, name, symbol, or device, or any combination thereof used by a person . . . to identify and distinguish his or her goods . . . ." 15 U.S.C. § 1127. Unlike the distinctive word, name, or symbol signifying a trademark, trade dress has been defined as "the total image of a product, including features such as size, shape, color or color combinations, texture, graphics, or even particular sales techniques." *Kohler Co. v. Moen Inc.*, 12 F.3d 632, 641 n.11 (7th Cir. 1993) (internal quotations omitted). This Court finds that trade dress is different from "names and related trademarks," and thus, does not fall within the policy's coverage for infringement of title. The Underlying Complaint alleges a laundry list of acts infringing on Discovery's trade dress, including Priceless' color scheme, exterior signage, and logo displays. Because the Underlying Complaint does not allege the infringement of any name or

related trademark, Travelers had no obligation to defend Priceless against the Underlying Complaint.

Priceless alternatively argues that Travelers did not effectively eliminate the base policy's coverage for trade dress infringement. This argument lacks merit as the Web Xtend Liability endorsement explicitly deleted "in its entirety" the "personal and advertising injury liability" coverage provided in the base policy and replaced it with re-defined coverage for "personal injury, advertising injury and website injury liability," which excluded coverage for trade dress infringement.

## CONCLUSION

For the foregoing reasons, this Court grants Travelers' motion to dismiss.

_____
Charles P. Kocoras
United States District Judge

Dated:   May 19, 2011